UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**EVELYN ROSADO,**

**Plaintiff,**

CASE NO.: 6:20-CV-_____-ORL_____

v.

**ARAMARK UNIFORM & CAREER APPAREL GROUP, LLC,**

**Defendant.**
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, EVELYN ROSADO ("Rosado"), by and through her undersigned counsel, hereby files suit against Defendant, ARAMARK UNIFORM & CAREER APPAREL GROUP, LLC, a foreign profit corporation ("Aramark" or "Defendant"). In support thereof, ROSADO alleges the following:

### Jurisdiction and Venue

1. This is an action for violations of the Family and Medical Leave Act ("FMLA"). 29. U.S.C. §§ 2601, *et seq.*, and damages in excess of $30,000.00, exclusive of interests, costs, and attorney's fees, and is within the subject matter of this Court.

2. Plaintiff Rosado brings the following claims against Defendant for its unlawful termination of Plaintiff, alleging: (1) retaliation in violation of the FMLA.

3. Venue is proper in this Court because the all of the claims of unlawful employment practices arose in Orlando, Orange County, Florida, and because Defendant operates and does business in Orlando, Orange County, Florida.

### Parties

4. Rosado is an individual who is, and at all times material hereto was, a resident of Polk County, Florida.

5. Defendant Aramark Uniform & Career Apparel Group, LLC ("Aramark") is a Delaware Limited Liability company that is authorized to and conducts business in Orlando, Orange County, Florida.

6. At all material times, Defendant Aramark employed at least 50 employees within Orlando, Orange County, Florida. Therefore, Defendant is a statutory employer under the FMLA and is, therefore, subject to the FMLA.

## Exhaustion of Administrative Remedies

7. Rosado has exhausted all administrative remedies available to her and related prerequisites prior to filing this lawsuit.

8. All other conditions precedent to the commencement of this action have been satisfied or waived.

## General Factual Allegations

9. Rosado worked for Defendant for over sixteen (16) years as a dedicated and loyal employee, until she was unlawfully terminated on February 28, 2019.

10. Rosado was hired by Aramark in or about 2003, as a Production Supervisor in the Orlando, Florida facility.

11. At all times during her employment, Rosado was fully qualified for her position.

12. Throughout her employment, Rosado was considered an exemplary employee who was respected and appreciated by her supervisors, managers and co-employees.

13. Due to a diagnosis of cancer, Rosado was absent from work from September 26, 2017 to November 14, 2017 using a combination of paid time off and FMLA leave. Prior to Rosado's FMLA leave she was consistently determined to be performing her job in a satisfactory manner.

14. Immediately following Rosado's FMLA leave ending on November 14, 2017, her supervisor, Mark Thomas began subjecting Rosado to unwarranted disciplinary actions.

15. On or about May 3, 2018, an hourly employee made an offensive comment to Rosado which she reported to her supervisor. Although the employee was disciplined for the offensive comment, Rosado was also subjected to a written warning on May 8, 2018 for a comment she made about not wanting to come to work because of the offensive comment.

16. Then on May 18, 2018, Rosado was issued a final written warning for posting a note on the bulletin board in her office reminding her of the offensive comment that was made to her by the hourly employee.

17. On October 25, 2018, Rosado received a Letter of Expectation ("LOE") from her direct supervisor based on alleged performance deficiencies and that her performance would be re-evaluated every thirty (30) days for the next three (3) months.

18. On November 26, 2018, Rosado received another LOE stating that her performance was not improving sufficiently. At that time, Rosado became aware that her supervisor was looking for someone to fill her position.

19. On January 15, 2019, Rosado received another LOE providing that she was still not improving her performance.

20. On February 13, 2019, Rosado became ill and her treating physician told her she would have to take medical leave until February 27, 2019. Ms. Rosado provided a note from her treating physician to her employer.

21. On February 18, 2019, less than a week after Rosado went out on medical leave, General Manager, Joshua Lange sent an e-mail to employees providing, "effective immediately, Evelyn Rosado is no longer supporting production. Miguel Laracuente will take over Evelyn's duties on second shift temporarily."

22. On February 28, 2019, Rosado obtained a certification from her treating physician that she could return to work that day without restrictions. Rosado provided the certification to her employer upon her return to work.

23. Rosado started working on February 28, 2019 at 12:30 p.m. and at approximately 1:00 p.m. her supervisor told her to pick up her belongings and go to the General Manager's office.

24. At that time, Rosado was presented with a final LOE providing that her performance had not improved sufficiently and that her employment was terminated effective immediately.

25. The alleged basis for Rosado's termination was that her overall performance was not at the required level.

## Count I: Retaliation in Violation of the Family and Medical Leave Act

26. Rosado realleges and incorporates by reference paragraphs 1 through 25 above as if fully set forth herein.

27. Rosado was diagnosed with cancer, which qualified her as eligible to enact her rights under the FMLA.

28. Rosado met all other prerequisites to qualify for FMLA protection.

29. Rosado informed Defendant of her cancer diagnosis on or about September 26, 2017 and spent until November 14, 2017 on FMLA leave.

30. Immediately following her diagnosis and taking FMLA leave, Defendant began to subject Rosado to false disciplinary actions ultimately culminating in three LOEs that threatened her with termination

31. On February 13, 2019, Rosado became ill and her treating physician informed her that she would need to take medical leave until February 27, 2019. Rosado took FMLA leave from February 13, 2019 until February 27, 2019.

32. Rosado's treating physician provided her a certification that she could return to work without restrictions on February 28, 2019.

33. Rosado returned to work on February 28, 2019 at 12:30 p.m. and at approximately 1:00 p.m. she was told by her supervisor to gather her belongings and go to the office of the General Manager.

34. When in the office of the General Manager, Rosado was given a final LOE and told that she was terminated.

35. Immediately after returning from FMLA, Defendant terminated Rosado.

36. Rosado engaged in protected activity when she took FMLA leave.

37. Rosado has suffered an adverse employment action due to Defendant's retaliation against her.

38. Defendant willfully violated the FMLA.

39. Defendant did not have a legitimate, non-retaliatory, reason for terminating Plaintiff.

40. As a direct and proximate cause of Defendant's retaliatory conduct, Rosado has suffered damages, including back pay, front pay, and lost benefits, as well as compensatory damages for emotional distress, mental pain and suffering, and loss of enjoyment of life.

41. As a result of Defendant's actions, Rosado has engaged the services of the undersigned counsel and is obligated to pay them a reasonable fee for their services.

WHEREFORE, Plaintiff, Rosado, respectfully prays for entry of a judgment against Defendant for the following:

    a. Compensatory damages for lost wages, benefits, and any other applicable remuneration;

    b. Other compensatory damages as permitted by law, including damages for emotional distress and suffering;

    c. Front pay in lieu of reinstatement;

    d. Prejudgment interest;

    e. Attorney's fees and costs; and

f.  Such other and further relief as the Court deems just and proper.

**Demand for Jury Trial**

Plaintiff, Rosado, respectfully demands a trial by jury on all issues so triable.

DATED this 30th day of April 2020.

Respectfully submitted,

**BURRUEZO & BURRUEZO, PLLC**

*/s/ Carlos J. Burruezo, Esq.*
**CARLOS J. BURRUEZO, ESQ.**
Florida Bar Number 843458
carlos@burruezolaw.com
docketing@burruezolaw.com
**BERTHA L. BURRUEZO, ESQ.**
Florida Bar Number 596973
bertha@burruezolaw.com
**DEBORAH E. FRIMMEL, ESQ.**
Florida Bar Number 93970
deborah@burruezolaw.com
911 Outer Road
Orlando, Florida 32814
Office: 407.754.2904
Facsimile: 407.754.2905

Attorneys for Plaintiff, EVELYN ROSADO

4838-6777-1579, v. 1